IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.S., by and through her <br> next friend Hilda Shipp, and <br> HILDA SHIPP, <br><br> Plaintiffs, <br><br> v. <br><br> The Board of Education of <br> NORMANDY SCHOOL DISTRICT, <br><br> Defendant. | No. 4:04CV00587 SNL |

## AMENDED CONSENT ORDER AND SETTLEMENT AGREEMENT

This action was originally instituted by Plaintiffs J.S., by and through her mother and next friend Hilda Shipp, and Hilda Shipp individually, alleging violations by Defendant Normandy School District of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a; the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and article IX, sec. 1(a) of the Missouri Constitution. The original action was settled by the parties and the Court entered a Consent Order and Settlement Agreement. Subsequently, Plaintiffs filed a Motion for Contempt which is now pending before the Court. This Amended Consent Order and Settlement Agreement is entered into by and on behalf of all Plaintiffs and by Defendant Normandy School District to resolve said motion.

It is therefore Ordered and mutually agreed by the parties that:

1. The terms of this Amended Consent Order and Settlement Agreement shall apply to and shall be binding upon all parties and their successors, employees, officers, agents, representatives, directors, assigns, and those in active concert or participation with them.

2. Defendant shall make the programs, activities, and services of the High School accessible to Plaintiff J.S. throughout her matriculation there, including as set forth in the "Scope of Work for Accessibility Renovations at the campus of Normandy High School" prepared for Defendant by Michael Roth & Associates Architects & Planners, Inc. on January 9, 2004 (revised January 13, 2004) (hereinafter, "Scope of Work"), except as modified below, a copy of which is attached hereto as Exhibit A and is incorporated into and is a part of this Amended Consent Order and Settlement Agreement.

3. Because Plaintiff J.S. is scheduled to begin her Junior year at the High School on August 21, 2006, time is of the essence for Defendant to complete the accessibility renovations set forth in the Scope of Work pursuant to the schedule below in order to make its programs, activities, and services at the High School accessible to Plaintiff J.S. and to comply with the terms of this Amended Consent Order and Settlement Agreement.

**ACCESSIBILITY RENOVATIONS BY AUGUST 21, 2006**

4. On or before August 21, 2006, Defendant shall complete the following accessibility renovations to the High School, each of which is described more fully below and in the Scope of Work:

    A. East Hall

1. Girls locker room – accessible drinking fountain installed.

2. Art room #1 – provide new accessible faucet, remount sink at 34" aff to rim and provide 30" wide clear floor space adjacent to the fixture.

3. Art room #2 – provide new accessible faucet, remount sink at 34" aff to rim and provide 30" wide clear floor space adjacent to the fixture.

4. Install accessible drinking fountain on the second floor.

B. Viking Hall

1. Complete installation of ADA accessible restroom on the main floor.

2. Vertical lift:

a. Site/exterior renovation to the route (concrete pathway) from the front of Viking Hall to the lift door/entry. Route must be smooth, free of bumps and level changes.

b. Install at the door/entry providing access to the vertical lift a permanent concrete ramp up to the height of the step (at 1:12) and a permanent level landing at least five (5) feet deep (2% maximum slope all directions) for the entire width of the door.

c. Remove existing wooden ramp.

d. Install ADA power door operator at the door/entry to the building providing access to the vertical lift. Door operator

is to operate both doors simultaneously. Alternatively, a single door operator can be used if a 36" wide door is installed.

3. Drinking fountain – reinstall with the bottom leading edge at 27" above finish floor.

4. Main entrance – fix power door operator so that it no longer catches on the frame and/or threshold.

5. Signage – Replace signage so that there is clear notice that persons needing assistance accessing the lift should contact building staff. Building staff shall have the key available to provide access to and use of the door/entry to the lift and the lift itself.

C. North Hall

1. Nurse's Toilet #2 – Insulate pipes, replace faucet, and install single roll toilet paper holder below grab bar and nine inches (9") in front of the toilet bowl.

D. Central Hall

1. Second floor drinking fountain – repair broken push bar.

2. Relocation of Introduction to Culinary Arts and Sewing Courses to former industrial arts classroom - Defendant shall relocate the Introduction to Culinary Arts and Sewing Courses to the former industrial arts classroom and make the relocated classroom (hereinafter referred to as the ICAS classroom) accessible for Plaintiff J.S. The accessibility renovations shall include, without limitation, the following:

a. One range with front controls shall be located next to a workspace counter set at 34" aff with clear kneespace below (minimum width 30");

b. At least one sink shall comply with ADAAG requirements (height 34" aff, clear kneespace, maximum 6.5" deep bowl, accessible faucet, insulated pipes, etc.);

c. Faucets shall be lever controlled (no twisting or pinching required);

d. Work tables and other furniture shall include stations that provide clear kneespace (27" clear height, 30" clear width).

e. Provide adequate maneuvering clearances.

## ACCESSIBILITY RENOVATIONS BY THE FIRST DAY OF CLASS FOR THE 2007/2008 SCHOOL YEAR

5. On or before the first day of school for the 2007-2008 school year, Defendant shall complete the following accessibility renovations to the High School, each of which is described more fully below and in the Scope of Work:

A. West Hall

1. First Floor Restroom - Install fully accessible girls' or unisex restroom.

2. Second Floor Restroom - Install fully accessible girls' or unisex restroom.

3. Vertical Circulation – Install vertical circulation and signage directing users to the lift.

4. Professional Chef Culinary Arts Classroom – Defendant shall provide accessible entrance to, and clear pathways within, the classroom and provide academic and programmatic accommodation to allow full participation in the coursework by J.S. No modification to the existing appliances, work tables, or sinks is required.

## OTHER PROGRAMMATIC SOLUTIONS

6. Defendant shall provide an accessible desk/table in each room in which Plaintiff J.S. will attend instructional programs.

7. If Plaintiff J.S. elects further sewing instruction for the 2007-2008 school year, Defendant shall make the necessary renovations to ensure that the classroom for such sewing instruction is accessible to Plaintiff J.S. by the first day of the semester in which she has chosen to take such sewing instruction.

8. In order to prevent any retaliation and/or embarrassment to Plaintiff J.S., Defendant agrees to affirmatively instruct all staff at the High School to refrain from discussing the terms of the Amended Consent Order and Settlement Agreement, any classroom changes, or any other accessibility accommodations provided to Plaintiff J.S. in order to ensure her program accessibility, with, in front of, near or within the hearing of any other students at Normandy High School.

## MONITORING AND REPORTING

9. On June 1, 2006 and on the first day of each month thereafter until the Court finds or the parties agree that the work necessary to make the programs, activities,

and services of the High School accessible to Plaintiff J.S. has been completed, Defendant shall submit to Plaintiffs' counsel reports describing the status of work on each item listed in the Amended Consent Order. Defendant shall provide access to, and copies when requested, of any and all plans, designs, schematics, bid packages, scheduling orders, or other documents relating to any accessibility renovations outlined in the Amended Consent Order and Settlement Agreement or contemplated by the district to provide J.S. with program accessibility. Defendant shall provide any other relevant documents requested by Plaintiffs' counsel or Plaintiffs' architect Gina Hilberry.

10. Upon advance notice to counsel for the district, Defendant shall allow Plaintiffs' architects access to the High School buildings and campus to inspect the accessibility renovations.

## REIMBURSABLE COSTS

11. Defendant agrees to pay to Legal Services of Eastern Missouri ("LSEM") the sum of $19,425.00 for costs incurred by Plaintiffs' for work completed by CohenHilberry Architects from August 1, 2005 through the date of the Amended Consent Order and Settlement Agreement. Defendant further agrees to pay to CohenHillberry Architects $100.00 per hour for time spent by Hilberry and $60.00 per hour for time spent by other project architects, not to exceed a total of $6000.00, for work completed subsequent to the date of this Amended Consent Order and Settlement Agreement in connection with determining, assessing, reviewing, inspecting and/or providing consultation regarding the renovations needed to make the programs, activities, and services of the High School accessible to Plaintiff J.S.

12. Defendant agrees to reimburse Plaintiffs', payable to LSEM, for depositions, copying charges and other taxable costs associated with the pending litigation in the amount of $7,359.69.

## PROSPECTIVE FINES

13. In the event that Defendant shall fail to complete any of the renovations by the deadlines set forth in this Amended Consent Order and Settlement Agreement, then Defendant shall immediately pay to Plaintiffs a fine in the amount of five hundred dollars ($500) per day for each day that any of the renovations remains incomplete. The per diem fine shall be paid to LSEM, to be placed in a higher education/independent living fund maintained by a financial institution in the name of and for the benefit of J.S.

14. Exceptions to per diem fine:

A. If the Defendant cannot complete the installation of the culinary arts/sewing classroom in Central Hall (paragraph 4.D.2 above) by the August 21, 2006 deadline, Plaintiffs agree to an extension of the deadline until September 4, 2006. However, said extension of the deadline to September 4, 2006 is expressly and specifically conditioned upon the following:

1. Defendant has previously represented to Plaintiffs that the first two weeks of the Culinary Arts and Sewing courses are lecture only, and do not involve any practical or hands-on activities. Based upon this representation, Plaintiffs will agree to the Defendant moving J.S.'s Culinary Arts and Sewing courses to another accessible classroom for the period of time when the curriculum is lecture only, but in no case to exceed the September 4, 2006 extended deadline. Further, the Defendant

8

will ensure that all other students taking any introduction to culinary arts and sewing course in the High School will be provided the same lecture curriculum. At no time during this extension shall the Defendant allow the curriculum for other students taking the introduction to culinary arts or sewing course to be different from the curriculum being provided to J.S.

2. Upon recognition that the Defendant will not meet the August 21, 2006 deadline, the Defendant shall immediately inform Plaintiffs in writing of the expected failure to meet the deadline. Further, Defendant shall promptly deliver assurances to Plaintiffs' counsel in the form attached hereto as Exhibit B, signed under oath, by the Superintendent, the High School Principal, and a representative of the school board that (i) the district will move J.S.'s Introduction to Culinary Arts and Sewing courses to another accessible classroom during completion of the remaining work; (ii) during the time that the courses are relocated, J.S. and all other students attending any Introduction to Culinary Arts or Sewing courses in the High School will be provided a lecture curriculum only; (iii) no other students at the High School taking the Introduction to Culinary Arts or Sewing courses will be provided a curriculum for said courses different from that being provided to J.S.

3. Per diem fines will begin to accrue on September 5, 2006 if the Defendant fails to complete the installation of the culinary arts/sewing classroom in Central Hall (paragraph 4.D.2 above) by the extended September 4, 2006 deadline. Defendant shall inform Plaintiffs in writing

if it anticipates that it will not complete the work by the extended September 4, 2006 deadline.

B. The Defendant shall be excused for delay or failure to perform its agreements and undertaking under this Amended Consent Order and Settlement Agreement when and to the extent that such failure or delay is the result of any cause beyond the Defendant's reasonable control (hereinafter referred to as "Force Majeure) including fires, flood, wind, lightning, or other acts of the elements, explosions, acts of God, acts of the public enemy or interference of civil and/or military authorities, mobs, vandalism, sabotage, or malicious mischief which delays or prevents such performance in whole or in part as the case may be; provided, however that the Defendant shall provide written notice to Plaintiffs and Plaintiffs' counsel within 48 hours from the date on which the Defendant first becomes aware of the Force Majeure specifying the date of commencement of such delay or suspension and of all pertinent facts and the Defendant shall take all reasonable steps promptly and diligently to prevent such causes, if feasible to do so, or to minimize or eliminate the effect without delay. Scheduled performances shall be extended by any such Force Majeure causes by written agreement of the parties or by court order.

## TERMS OF CONSENT ORDER

15. This Amended Consent Order and Settlement Agreement shall continue in force from the date on which it is approved by the Court until the earlier of the end of Defendant's 2007-2008 school year or such time as Plaintiff J.S. ceases her attendance at Normandy High School.

16. Except where modified by the Court, the terms of this Amended Consent Order and Settlement Agreement, including the Scope of Work, may only be modified with the prior written consent of counsel for all parties.

_____
Jacqueline Kutnik-Bauder BD#105025
Legal Services of Eastern Missouri, Inc.
4232 Forest Park Avenue
St. Louis, Missouri 63108
(314) 534-4200 telephone
(314) 534-1075 facsimile

ATTORNEYS FOR PLAINTIFFS

_____
Charles L. Ford, ED#28688
Crotzer, Ford, & Ormsby
222 S. Central Avenue, Suite 500
Clayton, Missouri 63105
(314) 726-3040 telephone
(314) 726-5120 facsimile

ATTORNEYS FOR DEFENDANT

IT IS SO ORDERED:

5/15/06
Date

_____
Senior United States District Judge